UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-145-RJC
3:16-cr-257-RJC-DCK-1

| | |
|---|---|
| **ROBERT WILLIAM KENDRICK,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] (Doc. No. 1).

Petitioner was charged with: conspiracy to traffic 280 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1)(A) and 846 (Count One); distribution of, and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts Two and Three); possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Four); possession of a firearm in furtherance of a drug trafficking crime, as charged in Counts One and Four, in violation of 18 U.S.C. § 924(c) (Count Five); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Six). (3:16-cr-257 ("CR"), Doc. No. 10) (Indictment). Petitioner entered a conditional guilty plea to Counts Four and Five, and admitted his guilt of those offenses, while reserving the right to appeal the Court's determination that his prior convictions

---

[1] The Petitioner has filed a Motion to Vacate form (Doc. No. 1 at 13), as well as a handwritten "Motion to Vacate, Set-Aside, or Correct Illegal Sentence Under Title 28 U.S.C. § 2255 Pursuant to Ineffective Assistance of Counsel for Fed. R. Crim. P. 52(b) Plain Error by the Misapplication of Statutes U.S.S.G. § 2K2.4" (Doc. No. 1 at 1) that is construed as a supporting Memorandum.

1

qualify as "crimes of violence" for purposes of U.S. Sentencing Guidelines Section 4B1.2. (CR Doc. No. 20) (Plea Agreement); see (CR Doc. No. 19) (Factual Basis). The Court accepted the guilty plea and sentenced him to a total of 262 months' imprisonment, consisting of 202 months for Count Four and 60 months, consecutive, for Count Five followed by a total of six years of supervised release. (CR Doc. No. 34) (Judgment). The Fourth Circuit affirmed on March 29, 2018. United States v. Kendrick, 716 F. App'x 224 (4th Cir. 2018).

Petitioner filed the instant § 2255 Motion to Vacate on March 28, 2022.[2] Petitioner appears to argue that:[3] (1) a gun and drugs were the fruits of an illegal search; (2) the Government failed to prove that Petitioner "used" or "actively employed" a firearm during the drug offense pursuant to § 924(c)(1); (3) he is actually innocent of Count Five; (4) the guilty plea to Count Five was involuntary because counsel did not inform Petitioner of the offense's elements; and (5) counsel was ineffective for failing to challenge Count Five on direct appeal. With regards to timeliness, Petitioner states:

> I was not informed that I had a limitation within a year after my final judgment. I do not understand my appeal right as far as the time limits to file the § 2255. My counsel was not effective in this process to inform me of the nature that I must file a motion on my own. I am not a lawyer and I am not trained in the procedures of this application, nor the motion I recently filed under § 2255.

(Doc. No. 1 at 23). Petitioner asks the Court to vacate Count Five. (Doc. 1 at 11, 24).

A Motion to Vacate must be on, or substantially follow, the prescribed form and: (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5)

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

[3] The claims in the Motion to Vacate and the Memorandum have been liberally construed, consolidated, restated, and renumbered.

be signed under penalty of perjury. Rule 2(b)-(c), 28 U.S.C. foll. § 2255.

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petition may be equitably tolled in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

Here, the Motion to Vacate is not verified (signed under penalty of perjury). See Rule 2(b)(5), 28 U.S.C. foll. § 2255. Further, it appears that the Motion to Vacate is subject to dismissal

3

with prejudice as time-barred because it was filed more than one year after Petitioner's conviction and sentence became final, and Petitioner has failed to demonstrate that statutory or equitable tolling applies. See generally United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling). The Petitioner must verify his Motion to Vacate, and the Court will grant him the opportunity to explain why it is timely before it is dismissed it as time-barred. See McMillan v. Jarvis, 332 F.3d 244, 250 (4th Cir. 2003) (the requirement in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that a petitioner be offered an opportunity to explain why an apparently untimely habeas application is subject to some exception extends to both *pro se* habeas petitioners and those represented by counsel).

The Petitioner shall have **thirty (30) days** in which to file a superseding Amended Motion to Vacate in accordance with this Order. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to timely comply with this Order will result in the dismissal of this action without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have **thirty (30)** days in which to file an Amended § 2255 Motion to Vacate in accordance with this Order and within the time limit set by the Court. If Petitioner fails to do so, this action will be dismissed without further notice.

2. The Clerk is instructed to mail Petitioner a blank § 2255 form along with a copy of this Order.

Signed: April 18, 2022

_____
Robert J. Conrad, Jr.
United States District Judge