UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-145-RJC
(3:16-cr-257-RJC-DCK-1)

| | |
|---|---|
| **ROBERT WILLIAM KENDRICK,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 3).

**I.   BACKGROUND**

Petitioner was charged with: conspiracy to traffic 280 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1)(A) and 846 (Count One); distribution of, and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts Two and Three); possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Four); possession of a firearm in furtherance of a drug trafficking crime, as charged in Counts One and Four, in violation of 18 U.S.C. § 924(c) (Count Five); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Six). (3:16-cr-257 ("CR"), Doc. No. 10) (Indictment).

Petitioner entered a conditional guilty plea to Counts Four and Five, and admitted his guilt of those offenses, while reserving the right to appeal the Court's determination that his prior convictions for common law robbery and assault with a deadly weapon inflicting serious injury qualify as a "crime of violence" for purposes of U.S. Sentencing Guidelines Section 4B1.2. (CR

1

Doc. No. 20 at ¶ 1) (Plea Agreement). The Plea Agreement explains that the "statutory minimum and minimum sentences for each count" are: a mandatory sentence of not more than 30 years' imprisonment pursuant to 21 U.S.C. § 851; and a minimum term of five years' imprisonment, consecutive, for the violation of § 924(c). (Id. at ¶ 4). The parties agreed to jointly recommend: the amount of cocaine base that was known to or reasonably foreseeable by Petitioner was in excess of 196 grams but less than 840 grams; the plea is timely for purposes of U.S.S.G. § 3E1.1(b) if applicable; and the career offender or armed career criminal guideline may be used to determine the sentence, if applicable. (Id. at ¶ 7). The parties remained free to argue their respective positions regarding other specific offense characteristics, cross-references, special instructions, reductions, enhancements, and adjustments, as well departures or variance from the applicable guideline range at sentencing. (Id.). The Plea Agreement further provides that: the Court would consider the advisory U.S. Sentencing Guidelines; the Court had not yet determined the sentence; any estimate of the likely sentence is a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw his plea as a result of the sentence imposed. (Id. at ¶ 6).

The Plea Agreement provides that there is a factual basis for the guilty plea, and that Petitioner read and understood the Factual Basis filed with the Plea Agreement, which may be used by the Court, U.S. Probation Office, and United States without objection for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence, unless the Factual Basis itself notes that the Defendant has explicitly reserved the right to object to a particular fact. (Id. at ¶ 14).

The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including the right to: withdraw the guilty plea once the Magistrate Judge has accepted it; to be tried by a jury; be assisted by an attorney at trial; confront and cross-examine witnesses; and not be compelled to incriminate himself. (Id. at ¶¶ 15-17). The Plea Agreement contains an express waiver of Petitioner's right to contest his conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel, prosecutorial misconduct, or "the District Court's ultimate determination whether his prior convictions for Common Law Robbery (Docket Number 09050544) or Assault with Deadly Weapon Inflicting Serious Injury (Docket Number 90CR050559) qualify as a 'crime of violence' under Section 4B1.2 of the United States Sentencing Guideline." (Id. at ¶¶ 19-20). The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." (Id. at ¶ 30).

The Factual Basis that was filed along with the Plea Agreement provides in relevant part:

> Since at least as early as 2014, Defendant Robert William KENDRICK was a member of a conspiracy in Gaston County … to distribute and to possess with intent to distribute cocaine and cocaine base, commonly known as "crack cocaine."
> …
> On December 18, 2015, law enforcement conducted a controlled drug purchase of 3.4 grams of crack cocaine from KENDRICK's address … and observed as KENDRICK exited the residence met and delivered the drugs to [a confidential human source].
>
> On May 25, 2016, law enforcement conducted another controlled purchase from KENDRICK who left the [residence], drove to meet with [a confidential human source], and delivered approximately 4.8 grams of cocaine.
> …
> On September 14, 2016, law enforcement executed a search warrant that they had obtained for [the residence]. Inside, they found approximately 11 grams of crack cocaine, scales, baggies, measuring cups with cocaine residue, cell phones, $241 of suspected drug proceeds, and a loaded Glock .45 caliber firearm.

3

> KENDRICK made the spontaneous utterance, several times during the course of the search, that everything that was found was his, "It's all mine…."
>
> Defendant Kendrick has prior convictions, to include the following felonies: Assault with Deadly Weapon Inflicting Serious Injury on 1/13/2010 in Gaston County; Common Law Robbery on 1/13/2010 in Gaston County; and Trafficking and Sell Schedule II (three cases for each type of charge) on 7/5/2007 in Gaston County. Therefore, he was prohibited from possessing the firearm in this case.

(CR Doc. No. 19) (Factual Basis; paragraph numbers omitted).

The Presentence Investigation Report ("PSR") calculated the offense level as 28 because the § 841 offense involved in excess of 196 grams of cocaine base. (CR Doc. No. 28 at ¶ 22). The two-level enhancement under § 2D1.1(b)(1) was not applied because Petitioner was convicted under § 924(c). (Id. at ¶ 23). The career offender enhancement applied pursuant to § 4B1.1(c)(2). (Id. at ¶ 28). Three levels were deducted based on Petitioner's acceptance of responsibility, *i.e.*, "I Robert Kendrick did possess 11 grams of crack cocaine and a Glock .45 caliber firearm on September 14, 2016 at [the residence]." (Id. at ¶¶ 20, 30-32). Petitioner had 15 criminal history points and another two points were added because Petitioner committed the instant offense while he was under a criminal justice sentence. (Id. at ¶¶ 52-53). This resulted in a criminal history score of 17 and a criminal history category of VI; further, a career offender's criminal history category is VII. (Id. at 54). The resulting advisory guideline range, including the mandatory consecutive sentence for the § 924(c) offense, was between 262 and 327 months' imprisonment. (Id. at 87).

The Court sentenced Petitioner to a total of 262 months' imprisonment, consisting of 202 months for Count Four and 60 months, consecutive, for Count Five followed by a total of six years of supervised release. (CR Doc. No. 34) (Judgment). The Fourth Circuit affirmed on March 29, 2018. United States v. Kendrick, 716 F. App'x 224 (4th Cir. 2018).

4

Petitioner filed the § 2255 Motion to Vacate in the instant case on March 28, 2022,[1] raising claims of ineffective assistance of counsel, actual innocence, and substantive error. (Doc. No. 1). On April 19, 2022, the Court ordered Petitioner to file a superseding Amended Motion to Vacate within 30 days because the Motion to Vacate was not verified. (Doc. No. 2). The Court further explained that the Motion to Vacate appeared to be untimely, and granted Petitioner the opportunity to explain why it was timely filed. (Id.).

Petitioner filed the instant Amended Motion to Vacate on May 13, 2022. (Doc. No. 3). He claims that: (1) counsel was ineffective for failing to make "'reasonable investigations' into both the law and facts of the case, and pursue meritorious legal issues, including at sentencing;" (2) the Government failed to prove that he "actively employed" a firearm during a drug trafficking offense pursuant to § 924(c)(1)(A); and (3) the Court violated double jeopardy by imposing a consecutive sentencing for the § 924(c) conviction, in addition to the weapons possession enhancement pursuant to U.S. Sentencing Guidelines § 2D1.1(b)(1). (Doc. No. 3 at 4-5, 7). With regards to the § 2255 statute of limitations, Petitioner states:

> Because I lacked the ability to read and understand case law when I was first sentenced. Then, I was informed that I had the right to preserve my 2255 for important reason as now, but was not informed that I had a time limitation. There are very important Constitutional violations within my case and this honorable Court should consider the timely barred reply as the in-time relief to settle the conflict between the limitation of my sentence length [versus] the limitation upon my unawareness of a 'one-year' window to become a lawyer, in order to file my own 2255 Habeas Motion. Me learning and studying my case properly, in order to fight my case properly, should not time-barr [sic] me, and also the Pandemic has affected my abilities to timely forward my motion to this honorable court, in the timely fashion required. Wherefore, may this court accept this motion timely, and grant relief as to the contents of this motion.

(Id. at 11).

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

The section of the § 2255 form where Petitioner is supposed to explain the relief he is seeking, is blank. (Id. at 12).

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner's Motion to Vacate is subject to dismissal with prejudice as time-barred. A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

Here, the Judgment became final on June 27, 2018 when the 90-day period to seek certiorari review of the Fourth Circuit's March 29, 2018 opinion expired. See Gonzalez v. Thaler, 565 U.S. 134, 149 (2012); Clay v. United States, 537 U.S. 522, 532 (2003); Rule 13, Rules of the Supreme Court of the United States. Petitioner therefore had until March 29, 2019 to file a timely § 2255 petition. The instant Motion to Vacate was filed on March 28, 2022, almost three years late.

Petitioner appears to argue that equitable tolling should apply because he is ignorant of the law, and because COVID-19 impeded his timely filing of a Motion to Vacate. Petitioner's lack of legal experience and knowledge are insufficient because, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner's reliance on COVID-19 is unavailing because his Motion to Vacate was due by March 29, 2019, nearly a year before COVID-19 reached the United States.

Moreover, even if this action had been timely filed, it would be dismissed because the

Amended Motion to Vacate is facially deficient and fails to support any relief. As a preliminary matter, the Petitioner has failed to identify the relief he seeks in the Amended Motion to Vacate. See Rule 2(b)(3), 28 U.S.C. foll. § 2255 ("The motion must … state the relief requested…."). In Claim (1), his claim that counsel provided ineffective assistance is too vague and conclusory to identify the allegedly deficient performance by counsel, or to explain how counsel's allegedly deficient performance prejudiced Petitioner. See generally Strickland v. Washington, 466 U.S. 668 (1984); United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Claims (2) and (3) allege substantive error, which Petitioner expressly waived by entering his knowing and voluntary guilty plea, including an express post-conviction waiver. See (CR Doc. No. 20 at ¶¶ 19-20); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993); United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005). Claims (2) and (3) are also conclusively refuted by the record. Claim (2) fails because § 924(c) does not require a defendant to have "actively employed" a firearm to be guilty of § 924(c); he need only have used, carried, or possessed it, which he admitted in pleading guilty. 18 U.S.C. § 924(c)(1)(A)(i); (CR Doc. No. 19 at ¶ 9); (Doc. No. 28 at ¶ 20); see also United States v. O'Brien, 560 U.S. 218, 232-33 (2010) (discussing the so-called "Bailey fix"). Claim (3) fails because Petitioner did not receive an enhancement pursuant to § 2D1.1(b). (CR Doc. No. 28 at ¶ 23).

Petitioner failed to timely file his § 2255 Motion to Vacate, and he has failed to establish that any exception applies. Therefore, the § 2255 Motion to Vacate is subject to dismissal with prejudice as time-barred. Even if the § 2255 Motion to Vacate were timely filed, however, it would be denied because it is facially insufficient and meritless.

8

Case 3:22-cv-00145-RJC   Document 4   Filed 05/20/22   Page 8 of 10

## IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice as time-barred and, alternatively, denied on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 3), is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: May 20, 2022

Robert J. Conrad, Jr.
United States District Judge

10